**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
Aidin Kiani

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDIN KIANI. on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>SANTANDER CONSUMER USA, INC.,<br><br>            Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,47 U.S.C §§ 227, ET SEQ. (TCPA)**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff AIDIN KIANI ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SANTANDER CONSUMER USA, INC. ("Defendant") in negligently and/or knowingly invading the privacy of Plaintiff and the putative class by making unsolicited calls using artificial and/or prerecorded voice, without implied or express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA").

## INTRODUCTION

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and all other available legal or equitable remedies, challenging Defendant's unlawful actions in negligently and/or willfully contacting Plaintiff and the members of the proposed Class (as defined below) (collectively, the "Class Members") on their cellular telephones, thereby invading Plaintiff's privacy.

2.     This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

3.     In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

4.     As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

---

[1]     Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call made using an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

5.      Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

---

delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

6.      With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015).  "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.*  Thus, any second call placed to a wrong number violates the TCPA.

7.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

8.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

9.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S. Ct. at 744.

10.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.      The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

12.      Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

13.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

14.      Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

15.      Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs,

successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

16.    This Court has federal question subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

17.    Personal jurisdiction is established because Defendant conducts business in the State of California. At all times relevant herein, Defendant conducted business in the State of California, and within this judicial district.

18.    Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred within this judicial district; and (2) Defendant conducted business within this judicial district at all times relevant.

19.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

    a) Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    b) Defendant does substantial business within this district;

    c) Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,

    d) the harm to Plaintiff originated from within this judicial district.

## PARTIES

20.    Plaintiff is, and at all times mentioned herein was, a resident of the State of California, County of Orange.  Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

CLASS ACTION COMPLAINT

21.     Defendant is a corporation formed under the laws of the State of Illinois, with its principal address located in Dallas, Texas.  Defendant is, and at all times mentioned herein was, a company and a "person," as defined by 47 U.S.C. § 153(39).

22.     At all times relevant, Defendant conducted business in the State of California and within this judicial district.

### FACTUAL ALLEGATIONS

23.     Defendant is in the finance industry, specializing in automobile loans and financing options, and also selling automobile insurance.

24.     In Defendant's overzealous attempt to market its services, however, Defendant willfully or knowingly conducted (and continues to conduct) unsolicited and prerecorded telemarketing phone calls without the prior express written consent of the Plaintiff and the Class Members who were recipients of such telephone calls.

25.     Through this conduct, Defendant has violated the TCPA and invaded the privacy of Plaintiff and the members of the Class.

26.     At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

27.     Defendant is, and at all times mentioned herein was, a company and a "person," as defined by 47 U.S.C. § 153(39). Upon information and belief, Defendant made numerous unsolicited telephone calls, including calls utilizing an artificial or pre-recorded voice message, to Plaintiff and the Class members.

28.     At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in 7855 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of his Cell Phone.

29.     On March 10, 2024, at approximately 8:14 A.M., Defendant placed a call to Plaintiff's Cell Phone and left a prerecorded voicemail identifying itself as "Santander Consumer USA" to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227.

30.    The phone number +1 (888) 222-4227 is listed on Defendant's website as a number for prospective consumers to obtain information from Defendant.[2]

31.    On March 14, 2024, at approximately 9:38 A.M., Defendant placed a call to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227.

32.    Again, on March 14, 2024, at approximately 2:29 P.M., Defendant placed a call to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227and left a prerecorded voice message identifying itself as "Santander Consumer USA."

33.    On March 15, 2024, at approximately 10:32 A.M., Defendant placed a call to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227 and left a prerecorded voice message identifying itself as "Santander Consumer USA."

34.    On March 16, 2024, at approximately 8:08 A.M., Defendant placed a call to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227 and left a prerecorded voice message identifying itself as "Santander Consumer USA."

35.    On March 17, 2024, at approximately 12:11 P.M., Defendant placed a call to Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227, which resulted in a missed call.

36.    On March 18, 2024, at approximately 8:07 A.M., Defendant placed a call to the Plaintiff's Cell Phone from the telephone number +1 (888) 222-4227, which resulted in a missed call.

37.    Again, on March 18, 2024, at approximately 11:31 A.M., Defendant left a prerecorded voice message identifying themselves as "Santander Consumer USA."

38.    Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did Plaintiff give permission for Defendant to call his Cell Phone, or make calls to him using an artificial or prerecorded voice message.

39.    Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

---

[2] https://santanderconsumerusa.com/payments/phone, (last visited June 28, 2024).

CLASS ACTION COMPLAINT

40.     Plaintiff did not have a personal relationship with Defendant at any point in time.

41.     Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call Plaintiff's cellular telephone for marketing or solicitation purposes or utilizing an artificial or pre-recorded voice.

42.     The phone calls Defendant placed to Plaintiff consisted of a pre-recorded voice message with impersonal language, which upon information and belief, was identical to calls made by Defendant through the same or similar call solicitation campaigns, to numerous other consumers.

43.     At all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do-Not Call provision in 47 C.F.R. § 64.1200(c).

44.     Defendant did not place the calls to Plaintiff for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

45.     Each of the above unsolicited telephonic communications by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1).

46.     Receiving Defendant's repeated unauthorized calls and pre-recorded voice messages drained Plaintiff's phone battery, consumed space on Plaintiff's Cell Phone, and caused Plaintiff additional electric expenses and wear and tear on his phone and battery.

47.     The cumulative effect of unsolicited phone messages like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

48.     Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or its agents continued to direct unsolicited and unauthorized phone calls to Plaintiff's Cell Phone.

49.     Defendant's telephonic communications forced Plaintiff to be deprived of

the privacy and utility of his cellular phone by forcing Plaintiff to ignore or reject Defendant's disruptive calls, pre-recorded voice messages, dismiss alerts, and/or silence his Cell Phone as a result of Defendant's incessant unsolicited telephone calls.

50.    The TCPA was intended to give individuals control over how and where they receive telephonic communications.  When Defendant placed the calls to Plaintiff without his consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

51.    Defendant's violations caused Plaintiff to suffer real and concrete harm in the form of intrusion and distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent. *See, e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

52.    Through the aforementioned conduct, Defendant repeatedly violated the TCPA, 47 U.S.C. §§ 227, et seq., numerous times.

53.    All of the unsolicited telephone calls by Defendant and/or its agents violated 47 U.S.C. § 227(b)(1).

54.    Defendant's unsolicited phone messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

55.    Defendant's phone messages also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

CLASS ACTION COMPLAINT

56.    Defendant's unsolicited phone messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she spent numerous hours investigating the unwanted phone messages including how they obtained Plaintiff's number and who the Defendant was.

57.    The screenshots below shows three (3) of the numerous voicemails left by Defendants to Plaintiff's cell phone. The automated transcription of the delivered message identifies the identical, repetitive nature of the pre-recorded content of the voice messages utilized by Defendant.

  

58.    Through the above-alleged conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

**STANDING**

59.    Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

***The "Injury in Fact" Prong***

60.    Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as articulated in

*Spokeo*. *Spokeo*, 136 S.Ct. at 1547.

61.     For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant made numerous unsolicited telephone calls to Plaintiff's cellular telephone, including calls utilizing an artificial or pre-recorded voice message. Such phone calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

62.     For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543.  In this case, Defendant invaded Plaintiff's privacy and peace by directing unsolicited telephone calls, including calls utilizing an artificial or pre-recorded voice, to Plaintiff's cellular telephone. Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time to see who was calling, ignoring calls, and listening to Defendant's pre-recorded voice messages which consumed space in the voicemail box on Plaintiff's Cell Phone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

### The "Traceable to the Conduct of Defendant" Prong

63.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

64.     The above-mentioned unsolicited phone calls were directly and explicitly linked to Defendant. Defendant's calls identified the Defendant as "Santander Consumer USA". These unsolicited telephone calls and pre-recorded voice messages are the source of Plaintiff's and the Class Members' injuries and directly traceable to Defendant. Thus, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of Defendant.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

65.     The third prong to establish standing at the pleadings phase requires

Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

66.    In the present case, Plaintiff's Request for Relief includes a request for injunctive relief and statutory damages for each phone call made by Defendant to cellular numbers who did not previously consent to receive calls and pre-recorded voice communications to their cellular phones from Defendant, as authorized by statute in 47 U.S.C. § 227.   The injunctive relief and statutory damages were created by Congress and specifically redress the damages suffered by Plaintiff and the putative Class Members.

67.    Because all standing requirements of Article III of the U.S. Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

68.    Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class (the "Class"), which is defined as follows:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received any telephone calls from or on behalf of Defendant, made to said person's cellular telephone number utilizing an artificial and/or prerecorded voice, without prior express consent from such person to receiving such calls, within the four years prior to the filing of this action.

69.    Excluded from the Class are Defendant, its officers and directors, members of its immediate families and its legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

70.    Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

71.    Further, Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class Members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading

the privacy of said Plaintiff and the Class Members who opted out from any communication from Defendant, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and the Class. Plaintiff and the Class Members were damaged thereby.

72. <u>Numerosity</u>: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of a standardized pre-recorded voice calls made to numerous telephone numbers. Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

73. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's phone call logs and call records.

74. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

75. <u>Ascertainability</u>: The members of the Class are ascertainable because the Class is defined by reference to objective criteria. In addition, the members of the Class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

76. <u>Typicality</u>: As a person who received numerous telephone calls from Defendant utilizing a prerecorded voice, who did not have an established business

CLASS ACTION COMPLAINT

relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive such telephone calls, Plaintiff is asserting claims that are typical of the Class.   Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

77.    Plaintiff and members of the Class each received at least telephone call, utilizing a pre-recorded voice message, without prior express written consent, which Defendant made or caused to be made to Plaintiff and the members of the Class.

78.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has had to suffer the burden and invasion of privacy of receiving unsolicited phone calls to Plaintiff's cellular telephone from Defendant while Defendant had no express written consent to contact Plaintiff. Thus, Plaintiff's injuries are typical to Class Members.

79.    Plaintiff's claims, and the claims of the members of the Class, originate from the same conduct, practice and procedure on the part of Defendant.

80.    Plaintiff's claims are based on the same theories, as are the claims of the members of the Class.

81.    Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally placing unsolicited calls, including calls utilizing artificial or pre-recorded voice messages, to their cellular phones without prior express consent. Plaintiff and the Class Members suffered injuries, including invasion of privacy, and were damaged thereby.

82.    Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the interests of the members of the Class with whom she is similarly situated, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class. Plaintiff will vigorously pursue the claims of the

members of the Class. Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed Class Counsel, are well-versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the TCPA. Plaintiff's counsel will assert, protect and otherwise represent the members of the Class. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

83. <u>Predominance</u>: The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

84. <u>Commonality</u>: There are common questions of law and fact as to all members of the Class, including but not limited to the following:

- Whether Defendant initiated unsolicited phone calls, including calls utilizing an artificial or pre-recorded voice, to Plaintiff and Class members;

- How Defendant obtained the numbers of Plaintiff and Class members;

- Whether Defendant can meet its burden of showing that it had prior express written consent to conduct such phone calls;

- Whether Defendant willfully or knowingly violated the TCPA;

- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

- Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

- Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

- Whether Plaintiff and the Class are entitled to any other relief.

99.    <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

- If brought and prosecuted individually, the claims of the members of the Class would require proof of the same material and substantive facts.

- The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

- The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

- These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

- The damages suffered by each individual member of the Class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the

CLASS ACTION COMPLAINT

cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the Class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

100.    Class-Wide Injunctive Relief: Moreover, class certification is warranted because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA of statutory damages and to be free from unwanted phone calls.

101.    Defendant has acted or refused to act on grounds generally applicable to the members of the Class, making final declaratory or injunctive relief appropriate.

102.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

103.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with applicable law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum

CLASS ACTION COMPLAINT

statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

104.   Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

105.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §§ 227, ET SEQ.

106.   Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

107.   Defendant and/ or its agents placed unsolicited phone calls to Plaintiff and the other members of the Class.

108.   Defendant made these unsolicited calls utilizing an artificial or pre-recorded voice *en masse* without the consent of Plaintiff and the other members of the TCPA Class.

109.   Defendant's conduct was negligent, willful, or knowing.

110.   Defendant knew or should have known that it did not have prior express written consent to conduct these phone calls in violation of the TCPA.

111.   Defendant negligently, willfully, and/or knowingly allowed unsolicited phone calls utilizing an artificial or pre-recorded voice to be made to Plaintiff and Class members. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members in such a manner, yet disregarded such information and made the illegal and unwanted phone calls to Plaintiff and the Class.

112.   The foregoing acts and omissions of Defendant constitute numerous and

CLASS ACTION COMPLAINT

multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

113. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's violations, Plaintiff and each of the Class Members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and an award of $1,500.00 in statutory damages for each and every willing or knowing violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

114. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by making calls utilizing an artificial or prerecorded voice to Plaintiff's cellular telephone number without prior express written consent.

115. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2), Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

116. Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendant's violations of 47 U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's willful or knowing violations of 47

U.S.C. §§ 227, et seq. pursuant to 47 U.S.C. § 227(b)(3)(C);

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

- Pre-judgment and post-judgment interest on monetary relief; and

- All other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues so triable.

Dated: September 6, 2024                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:    _/s/Abbas Kazerounian_
       Abbas Kazerounian, Esq.
       David J. McGlothlin, Esq.
       Mona Amini, Esq.
       Gustavo Ponce, Esq.

       *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT